## No. 11,756.

INDUSTRIAL COMMISSION, ET AL. *v.* CORNELIUS.

Decided February 28, 1927.

Proceeding under the workmen's compensation act. Judgment of district court ordering award to claimant.

### *Affirmed.*

1. WORKMEN'S COMPENSATION—*Course of Employment—Animals.* It is a part of the duty of one employed to drive a horse to make it go, and if in his judgment it was necessary to beat the animal and it was not cruelly done, he was in the course of his employment in so acting, and being kicked by the horse was entitled to compensation for injuries so sustained. The fact that he was told by a fellow employee to stop the beating, held irrelevant.

2.   *Evidence.* In an action involving an award of the Industrial Commission, the district court has the right to consider with the findings, other undisputed facts.

*Error to the District Court of San Miguel County, Hon. Straud M. Logan, Judge.*

Mr. WILLIAM L. BOATRIGHT, Attorney General, Mr. JEAN S. BREITENSTEIN, Assistant, for plaintiffs in error.

Mr. A. B. CROSSWHITE, for defendant in error.

*Department One.*

MR. JUSTICE DENISON delivered the opinion of the court.

THE commission denied Cornelius compensation and the district court reversed the award and directed that compensation be allowed. The commission brings error. The district court was right.

The pertinent part of the findings of the commission is as follows: "Claimant's injury was caused by being

kicked by a horse while he was beating the horse. The claimant was told not to beat the horse but persisted in this activity. Under the circumstances it appears that claimant's accident did not arise out of his employment, but that when the claimant persisted in beating the horse, he stepped out of the course of his employment. The claim of compensation is therefore denied.''

The findings of fact do not support the award. C. L. § 4477. The mere fact that an employee beats a horse does not take him out of the course; nor the fact that he does so against the word of some unknown person; neither do these things show that the injury did not arise out of his employment. Notwithstanding the finding, it may be that he was justified in beating the horse.

When we take up the evidence we find these further undisputed facts, that claimant was employed to drive a four-horse team of which the horse in question was one; that the horse balked and would not go; that the claimant handed the lines to a fellow servant and proceeded to beat the horse with the flat of a shovel. He had no whip. That this fellow servant and not the claimant's superior told him not to beat the horse, because he (the fellow servant) could make him go, but claimant persisted in the beating.

In considering the sufficiency of the findings the district court has the right to add to the findings these undisputed facts, and it thereupon appears that the beating was in the course of the claimant's employment. It does not appear that the beating was cruel, indeed the flat of a shovel could not be as painful as an ordinary horsewhip. It is a part of the duty of one employed to drive horses to make them go, and beating for this purpose is sometimes necessary. In the judgment of the claimant it was necessary, and if in his judgment it was necessary, and if it was not cruelly done, he was in the course of his employment when he did it, and if so, the injury manifestly arose out of that employment. The word of the fellow employee that he should stop

the beating is irrelevant. If his superior had told him to stop or if there were evidence of unnecessary severity a different question would have arisen which we do not now answer.

The judgment is affirmed.

MR. CHIEF JUSTICE BURKE, MR. JUSTICE WHITFORD and MR. JUSTICE SHEAFOR concur.